A. LEANDER McALISTER TRUCKING COMPANY, Appellant,

v.

STATE BOARD OF INSURANCE et al., Appellees.

No. 12516.

Court of Civil Appeals of Texas, Austin.

March 9, 1977.

Rehearing Denied March 30, 1977.

---

Paul D. Connor, Austin, for appellant.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., Austin, for appellee, State Board of Ins.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee, Fidelity and Cas. Co. of New York.

O'QUINN, Justice.

By this lawsuit, an order of the State Board of Insurance affecting the premiums paid by plaintiff below for automobile insurance and workmen's compensation insurance, is challenged pursuant to right of appeal from rulings of the Board under Article 1.04(f) of the Texas Insurance Code.[1]

The suit in essence attacks the order and ruling of the Insurance Board as an incorrect computation of premiums paid by the plaintiff to the insurance companies. Plaintiff claims that with the death of Alton Leander McAlister in September of 1971 an ownership change of the trucking business conducted by McAlister occurred, and that thereafter it was improper to consider "incurred experience" of the entity in arriving at future ratings.

Plaintiff corporation pleaded that at the time of McAlister's death the trucking entity had developed a "debit" on its automobile insurance and a "credit" on its workmen's compensation insurance, which properly were being applied in determining premiums to be paid by McAlister. Plaintiff complains that because thereafter a change of ownership occurred the order of the Insurance Board was contrary to the Board's rules in that it required the prior experience of the trucking business to be continued after the death of McAlister.

As a result, plaintiff insisted, premiums on automobile insurance were overpaid in excess of $23,700, and premiums on workmen's compensation insurance were underpaid by nearly $2,000.

The position of the Insurance Board and other defendants was and is that the Insur-

1. A. Leander McAlister Trucking Company, a corporation, filed suit in district court of Travis County in February of 1974, appealing from an order of the Insurance Board, and naming as defendant the State Board of Insurance and joining as defendants Fidelity and Casualty Company of New York and the Texas Employers Insurance Association, parties to the proceedings before the Board.

ance Board, properly and within its authority, interpreted the rules it had promulgated and reached the result challenged in this suit. Under the Board's interpretation no change of ownership under the experience rating plan had occurred with McAlister's death, and the accrued experience of the entity continued to be a factor in arriving at premiums to be paid.

The facts under consideration before the Board and at trial in district court are not in dispute. The trucking company was created in 1938 by Alton Leander McAlister, who operated the company as a sole proprietorship. Later, in 1941, McAlister married, and McAlister continued to operate the business until his death in September of 1971. The parties are agreed that the value accruing to the proprietorship after marriage in 1941 was community property of McAlister and his wife, who survived him in 1971.

Upon McAlister's death, a bank in Wichita Falls qualified as executor of his will and administered the estate. Under his will McAlister left half the community property interest in trust for his descendants. On January 1, 1973, the interests of Mrs. McAlister and the interests held for the descendants were conveyed to A. Leander McAlister Trucking Company, corporation. Stock of the corporation was issued one-half to Mrs. McAlister and half to the heirs.

After hearing in district court, the trial court rendered judgment that McAlister Company take nothing by its suit. The corporation has appealed, contending in the main that the entire ownership of the original proprietorship changed after McAlister's death (1) pursuant to the laws of descent and distribution (sec. 37, Texas Probate Code) and that (2) upon qualification of the bank as executor, the bank became the new owner of the business, as provided under Rule 4, the Automobile Experience Rating Plan.

We will overrule appellant's points of error and affirm judgment of the trial court.

Under the Automobile Liability Experience Rating Plan, in effect at the time of McAlister's death in 1971, it was provided that upon a "change in control, management, name or operations, *not accompanied by any change in ownership interest,* incurred experience shall be used in future ratings." But by *exception,* "incurred experience shall not be used in the future ratings of the entity undergoing change . . . When the entire ownership interest after the change had no ownership interest before the change . . ." (Rule 4, eff. Sept. 1, 1968). (Emphasis added).

The Rule further provided that "Ownership Interest" in the entity undergoing change ". . . shall be deemed to be vested in a fiduciary when a fiduciary is involved . . ." An official note declared that "Ownership conferred on a spouse by community property law shall not be considered in the administration of this Plan."

In a decision made by the Insurance Board in June of 1970 the Board stated its ". . . opinion that an ownership interest change has not occurred where only an *executor or administrator has qualified* . . . Ownership interest as used in Rule 11 [of the Texas Experience Rating Manual] was *not intended to encompass the interest of an executor or administrator* in property when he was acting solely in that capacity . . ."

This decision of the Board, reached in an appeal from the Commissioner, identified as the matter of Ray Smith Transport Company, has been made a part of this record. (Ray Smith Transport, No. 13,950, State Board of Insurance, June 29, 1970). It is attacked by appellant as not binding and contrary to Board Rules, but is relied on by appellees as a sound decision and a principle properly applied in this case.

Appellant contends that the Board failed to follow its Rules, although the record shows that the Board acted in accordance with the Rules as interpreted by the Board earlier in the *Ray Smith* order. When the Board, acting as an administrative commission, officially interpreted its Rules, the interpretation given the Rules in

the *Ray Smith* matter became a part of the Rules. *Texarkana and Fort Smith Ry. Co. v. Houston Gas and Fuel Co.,* 121 Tex. 594, 51 S.W.2d 284, 287 (1932); *West Texas Compress and Warehouse Co. v. Panhandle and Santa Fe Ry. Co.,* 15 S.W.2d 558, 560 (Tex.Comm'n App.1929, jdgmt. adopted); *Lawyers Title Insurance Corp. v. Board of Insurance Commissioners,* 207 S.W.2d 972, 976 (Tex.Civ.App. Austin 1948, writ ref'd n. r. e.).

We do not understand appellant to contend that the ruling of the Board in this case is inconsistent with the prior interpretive ruling and result reached in the *Ray Smith* matter, but that the "past violation of its own Rules cannot be urged as a basis for continued violation" in the case on appeal.

■ We are firmly of the view that when the Board made the Rules, then interpreted the Rules, the courts may not set aside an order consistent with the interpretation applied, in the absence of showing that in some manner the Rule in question is violative of a statute or contrary to a provision of the Constitution.

We have examined and considered appellant's several points of error, some of which we do not reach under disposition made of the appeal, and overrule such points as were directed to the principal and controlling contentions.

The judgment of the trial court is affirmed.

Affirmed.